This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**STATE OF NEW MEXICO,**

    Plaintiff-Appellee,

v.                                    **NO. A-1-CA-36844**

**ALEX R. RIVERA,**

    Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF SOCORRO COUNTY**
**Shannon Murdock, District Judge**

Hector H. Balderas, Attorney General
Santa Fe, NM

for Appellee

Bennett J. Baur, Chief Public Defender
Aja Oishi, Assistant Public Defender
Santa Fe, NM

for Appellant

**MEMORANDUM OPINION**

**HANISEE, Judge.**

{1}    Defendant Alex R. Rivera appeals from his conviction for contributing to the delinquency of a minor (CDM). We previously issued a notice of proposed summary

disposition in which we proposed to uphold the conviction. Defendant has filed a memorandum in opposition. After due consideration, we remain unpersuaded. We therefore affirm.

{2}     Defendant raised two issues in his docketing statement, both of which are renewed. Because the relevant background information was previously set forth, we will avoid undue reiteration here. Instead, we will focus on the content of the memorandum in opposition.

{3}     We will begin our discussion with Defendant's challenge to the sufficiency of the evidence. Eyewitness testimony and a video recording were presented which established that Defendant pushed people away from a fight between his son and another child, and Defendant also yelled active encouragement to his son to harm the other child. [DS 5; CN 5; MIO 3-4] As we previously explained, [CN 4-6] this is sufficient to satisfy all of the essential elements of the offense. [RP 213] *See* NMSA 1978, § 30-6-3 (1990) (defining CDM); UJI 14-601 NMRA (setting forth the essential elements). *See generally State v. Trevino*, 1993-NMSC-067, ¶ 8, 116 N.M. 528, 865 P.2d 1172 ("CDM requires proof that the act of the defendant contributed to the delinquency of a minor. We always have relied on juries to determine what acts constitute contributing to delinquency . . . [t]he common sense of the community, as well as the sense of decency, the propriety, and the morality which most people

2

entertain, is sufficient to apply the statute to each particular case, and point out what particular conduct is rendered criminal by it." (footnote, internal quotation marks, and citation)). *Cf. State v. Orosco*, 1991-NMCA-084, ¶ 26, 113 N.M. 789, 833 P.2d 1155 (noting the well-established "duty of parents to provide for the safety and welfare of their children," and observing that "the failure of a parent who is present to take all steps reasonably possible to protect the parent's child from an attack by another person constitutes an act of omission by the parent showing the parent's consent and contribution to the crime being committed" (internal quotation marks and citation omitted)).

{4} In his memorandum in opposition Defendant suggests he should not be said to have actually encouraged delinquency, because the fight began before he arrived at the scene. [MIO 6-7] We do not perceive this to be a significant consideration. Whether Defendant encouraged his son to commence the fight or to continue fighting is essentially immaterial; either way he committed the offense of CDM by encouraging his son to conduct himself in a manner injurious to the health and welfare of the child he was fighting. *Cf. Trevino*, 1993-NMSC-067, ¶ 17 ("The defendant is punished for his own acts, not those of the juvenile.").

{5} Defendant further suggests that the absence of direct testimony about the actual impact of his verbal encouragement upon his son is a deficiency. [MIO 7] However,

the jury was at liberty to draw reasonable inferences in this regard from the evidence. *See id.* ¶ 16 ("If the jury finds that the defendant's conduct violated the community sense of decency, propriety, and morality, the jury may infer an adverse impact on the minor that tends to cause or encourage delinquency.").

**{6}** Finally, Defendant asserts that *Trevino* is an outdated double jeopardy issue, and as such it should be regarded as inapposite. [MIO 7-8] We disagree. The general propositions for which *Trevino* has been cited remain unaffected by subsequent developments in our double jeopardy jurisprudence. And notwithstanding contextual distinctions, the New Mexico Supreme Court's pronouncements are persuasive. *See State v. Salas*, 2017-NMCA-057, ¶ 48, 400 P.3d 251 (commenting upon the persuasive value of Supreme Court pronouncements); *State v. Johnson*, 2001-NMSC-001, ¶ 16, 130 N.M. 6, 15 P.3d 1233 (indicating that even if a pronouncement by the Supreme Court might be regarded as dicta, this Court should give adequate deference). Accordingly, we do not hesitate to rely on *Trevino* for the various propositions stated.

**{7}** In summary therefore, we reject Defendant's challenge to the sufficiency of the evidence to support his conviction.

**{8}** Next, we turn to the challenge to the jury instruction, by which Defendant continues to argue that the reference to his failure to prevent the fight was improper,

4

because he had no such duty. [MIO 9] However, the parental duty to protect children from an attack is well established. *See Orosco*, 1991-NMCA-084, ¶ 26 (recognizing the duty of parents to provide for the safety and welfare of their children, including intervention in attacks by other persons). And as we previously observed, the jury's finding that Defendant yelled encouragement to his son to participate in the fight supplied an adequate independent basis for the conviction. As such, the reference to the omission is essentially superflouous. We therefore remain unpersuaded by the claim of fundamental error.

{9}     Accordingly, for the reasons stated above and in the notice of proposed summary disposition, Defendant's conviction is AFFIRMED.

{10}     **IT IS SO ORDERED.**


_____
**J. MILES HANISEE, Judge**


**WE CONCUR:**


_____
**LINDA M. VANZI, Chief Judge**


_____
**JULIE J. VARGAS, Judge**